## L. L. HALL v. JOHN C. MORRIS.

The right to have a day assigned by the clerk for the meeting of arbitrators may be waived by the voluntary appearance of the parties, and their submitting their case to the arbitrators, without objecting to any departure from the statute. (Paschal's Dig., Art. 62, Note 246.)

The proper time to raise the objection that no day has been appointed, is when the arbitrators are about to proceed with the trial, if the parties be present; and, if not present, then the objection may be taken at the district court.

The 3d section of the act requiring the clerk to assign a day is directory only, and the parties may waive the right. (Paschal's Dig., Art. 62, Note 246.)

The failure to enter a judgment at the first term after the award is not fatal. (Paschal's Dig., Art. 66, Note 249.)

APPEAL from Houston. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The plaintiff below sued the defendant for the value of a horse lost by the defendant as an inn-keeper. She plead an arbitration and award, in which the matter in controversy was submitted, and by them decided in favor of the defendant. The plaintiff filed several exceptions to the award, and also replied that it was founded in fraud. The exceptions seem not to have been considered by the court, and there was no proof of fraud. The court charged the jury to the effect, that unless the statutory requirements were complied with the arbitration was void. It also charged that it might be void for fraud. The jury returned a verdict for $150 for the plaintiff, for which there was judgment, and she appealed. As the whole case turned upon the award, it is useless to consider the facts further than to say that the award was proved as plead.

*T. J. Ward*, for appellant.

*William M. Taylor*, for appellee.—I. The appellant's plea of statutory award was wholly insufficient in law, for reasons set forth in appellee's exceptions. This court held,

in Owens v. Withee, 3 Tex., 161, that to make an award good as a statutory award, the provisions of the statute must be substantially pursued. In the case at bar, the agreement or submission was not filed by the clerk of the district court, the amount claimed by appellee being over $100. There was no date to the agreement, nor was the clerk's name signed thereto. (O. & W. Dig., Art. 694; Love and Chappell v. McIntyre, 3 Tex., 10.) The clerk did not appoint a day for the trial not less than two days from the time the agreement was made, nor was the decision of the arbitrators made the judgment of the court at the first regular term of the court thereafter. (O. & W. Dig.—ARBITRATION.) There was no record of the trial, and in other respects, not deemed necessary to mention, the award was wholly insufficient in law as a statutory award. The charge of the court on this point was, it is believed, in accordance with the law.

II. With regard to the plea of a common-law award, we respectfully submit, that the verdict and the evidence show that there was no trial on the merits before the arbitrators, and the award is too uncertain to be good even at common-law. The arbitrators simply say, that "the plaintiff failed to prove the mule was returned to the stable, therefore no damages could be awarded." Certainly this verdict cannot be regarded as conclusive between the parties. We think the verdict shows, *prima facie*, that there was no trial on the merits by the arbitrators, and the evidence before the district court conclusively establishes this. It may be here contended by appellant's counsel, as he contended below, that there was no proof of fraud, corruption, or partiality, in the arbitrators; but if the view we above take of the case be correct, (and it is such as was maintained by the very able judge before whom the cause was tried,) then the want of this proof, if it were really not made, will avail the appellant nothing. Again, the parties in the agreement say that they wish to follow the pro-

visions of the statute. They certainly had no intention of proceeding as at common-law. Hence, if the award is not a statutory award, it is nothing.

III. As to the merits of the cause, the evidence is full enough to satisfy any mind that the mule escaped or was stolen from defendant's stable through her carelessness or negligence or that of her servants. The case of Howth v. Franklin, 20 Tex., 798, is, we believe, decisive of this, so far as the merits of the case are concerned. The defendant's agent admitted receiving pay for keeping the mule "up to the time of its loss;" and this itself is sufficient to establish defendant's liability, especially since she offered no evidence whatever showing any diligence on her part.

WILLIE, J.—The award plead by defendant in the court below, in bar of the plaintiff's right to recover, was, in our opinion, sufficiently regular to make it binding under the statute. Although it does not affirmatively appear that any day was assigned by the district clerk for the trial, yet the testimony shows that both parties were before the arbitrators when the matter was under investigation, and submitted their testimony in the case. The right to have a day assigned by the clerk for the trial, and that two days shall have elapsed between that day and the date of filing the agreement, may be waived by the parties; and, if they voluntarily appear, enter upon the investigation, and submit their case to the arbitrators, without objecting to any departures from the statute in this respect, it will be too late to do so after the award has been made and returned into court. The proper time to raise this objection is when the arbitrators are about to proceed with the trial, provided the parties are present. But if the arbitrators go on with the trial, without either or both the parties being before them, then the objection that there was no day assigned by the clerk for the investigation, as provided

by the statute, may well be taken for the first time in the district court.

The 3d section of the act of 1846, imposing the foregoing duty upon the clerk, is directory only, and if he fail or refuse to comply, the parties are not thereby to be debarred from the right to have the matters in dispute between them settled by arbitration. They may waive this action on the part of the clerk, and fix their own day for the trial, and an award made under these circumstances will be good under the statute. Neither is the award vitiated because it was not made the judgment of the court at the first term after it was rendered. The statute requiring judgment at the first regular term after award made was evidently intended to prevent it from being taken before the losing party should have an opportunity of filing his objections to the award. The fact that he has been allowed six months' additional time within which to make the objections cannot certainly furnish him with grounds of complaint.

This suit was brought to the second term of the court after the award was made. It was the privilege of the defendant, in whose favor it was rendered, to have it entered up as the judgment of the court at that term. She pleads it as a bar to the demand of the plaintiff, and, in effect, asks that it may then be made a judgment final and decisive of the controversy between the parties. Sufficient evidence is introduced to show that there was a waiver of any action of the clerk in assigning a day for the trial. But the charge of the court deprives her of the benefit of this defense, by holding that the award is rendered invalid under the statute because the clerk did not set a day for the trial, and because the award had not already been made a judgment of the court. We think, for the reasons above stated, that the charge was erroneous in this respect, and that the judgment must therefore be reversed, and the cause

REMANDED.