Bower *vs.* Cook.

---

ISAAC E. BOWER, adm'r, plaintiff in error, *vs.* HAMLIN J. COOK, defendant in error.

An order of the Judge of the Superior Court, directing process to issue for the seizure and sale of property claimed to be subject to a lien, under what is called "the steamboat law," is not such a judgment or decision of the Judge as may be excepted to, and brought, by bill of exceptions, to this Court.

Jurisdiction of Superior Court. Bill of Exceptions. Before Judge CLARK. Chambers. Dougherty county.

Cook made an affidavit before said Judge, at Chambers, that, as a factor and commission merchant, he had advanced $1,944 04, to Charles L. Whitehead, deceased, to make his crop, and had a lien, under the Act of 15th of December, 1866, and prayed for a *fi. fa.* against the goods of deceased, in the lands of his said administrator. The Judge, then and there ordered a *fi. fa.* so issued. Of this, the administrator had no notice at the time. But, learning it before any levy had been made or attempted, said administrator, by his attorneys, sued out a bill of exceptions, assigning that the Judge erred in taking jurisdiction of said matter, and that the affidavit was insufficient in law in many particulars, in their

assignment of errors set out.    When the cause came on to be heard here, the attorneys for defendants in error, moved to dismiss the bill of exceptions, on the ground that this Court had no jurisdiction of the cause.    The points made in the assignment of errors, were not argued or considered, as the bill of exceptions was dismissed.

HINES & HOBBS, B. B. BOWER, for plaintiff in error.

D. A. VASON, R. LYON, for defendant in error, cited 14 *Ga. R.*, 162 ; 11, 378; 2 *Kelly*, 338 ; 30 *Ga. R.*, 576 ; 15, 550, etc.

McCAY, J.

1. The only question in this case is, whether the order of Judge Clark, directing the Clerk of the Superior Court of Dougherty county to issue an " execution," was such a " sentence, judgment, decision or decree," as is the subject matter of a bill of exceptions.    Code, section 4192.

The proceeding is under what is known as the " steamboat law."    Sections 1968, 1974 of the Code.    We are of the opinion that the order of the Judge there provided for, is not a " judgment."    It is a mere ministerial act, like the issuing of an attachment, and issues as a matter of course, on the movant's affidavit.    It is the' mode of commencing the suit, and obtaining the process by which the parties may get their matter before the Court for adjudication.    Section 1970 provides that, if " the defendant contests the amount or justice of the claim, or the existence of the lien," he may file *his* affidavit, etc., which shall form an issue to be returned to the Court, and tried as in other cases.    Surely, this cannot be after a " judgment " upon these very questions has been had.    The result of this view is, that the order provided for in section 1969, is not a judgment, but a mere mode of obtaining process, and so we adjudge.

These defendants must follow the statute, section 1970 of

the Code, and all the questions they make in this record will come before the Judge, in his character as a Judge, and, if he errs, then a bill of exceptions will lie. The writ, as the case stands, is unauthorized. It is, therefore, dismissed.