# McKimmey *v.* McKimmey.

*Appeal from Order revoking Letters of Apprenticeship.*

*Appeal; what order will not support.* — An appeal does not lie from the order of the probate judge revoking and annulling letters of apprenticeship.

APPEAL from Probate Court of Limestone.

This was an appeal from an order of the probate judge, revoking letters of apprenticeship.

McClellan & McClellan, for appellant.

Jones & Fullerton, *contra.*

BRICKELL, C. J. — This is an appeal from an order of the court of probate, or rather of the judge of probate of the county of Limestone, revoking and annulling letters of apprenticeship. The power and duty of apprenticing children whose parents are not of ability to maintain them is devolved on the probate judge, not on the court of probate. No judgment or decree is rendered in exercising the power. A contract is entered into, to which the judge, as the representative of the county, is a *quasi* party of the one part, and the master a party of the

[Lankford v. Green.]

other part. A general power to revoke the letters or indenture is conferred on the judge. R. C. § 1450-3. Neither in granting or revoking the indenture is the judge exercising judicial power, but rather a police power, which could have been intrusted as well to any other county officer as to him. The whole matter involved, whether in granting or revoking the apprenticeship, depends in a large degree on the knowledge of the master, the apprentice, and his parents, which the judge may acquire from an acquaintance with them, and of which he is not required to take evidence. It is not a fit subject of litigation, or of judicial inquiry. If the power is abused, corrective remedies can be found. An appeal, which lies only from a final judgment or decree, is not a remedy. *Cox* v. *Jones*, 40 Ala. 297; *Carmand* v. *Wall*, 1 Bailey, 209; *Cooper* v. *Sanders*, 1 Hen. & Mun. 412; *Bryant* v. *Stearns*, 16 Ala. 302.

This court has not therefore jurisdiction of the matters presented in the record, and an appeal not lying therefrom the appeal taken must be dismissed.