F. M. SANDERS et al., Appellants, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Respondents.

St. Louis Court of Appeals, February 13, 1906.

1. COUNTY COURTS: Railroads: Constructing Drains. A county court has no power, under section 1110, Revised Statutes of 1899, to make or enforce an order upon a railroad company requiring it to provide drains or ditches along its roadbed; said section requires the county court, on the application of twenty contiguous landowners, to "cause" such ditches to be constructed, the costs, and expense of which may be recovered from the railroad company.

2. ———: ———: Statutory Construction. That statute, being in derogation of common law, is strictly construed.

3. ———: ———: Appeal: Ministerial Function. The action of a county court under the provision of said section is ministerial, not judicial, and no appeal will lie therefrom to the circuit court.

Appeal from Ripley Circuit Court.—*Hon. Samuel Davis,* Special Judge.

AFFIRMED.

*Charles D. Yancey* for appellants.

The jurisdiction attaches upon the filing of a proper petition by twenty land owners of the county, along or contiguous to the line of the railroad in the county, in

like manner as by the filing of a proper petition for an election: Gaston v. Lamkin, 115 Mo. 20, 21 S. W. 1107; State ex rel. Campbell v. Heege, 37 Mo., App. 327; Baubie v. Osman, 142 Mo., 502-506, 44 S. W. 338; Seafield v. Bohne, 169 Mo., 546, 69 S. W. 1051; Lingo v. Burford, 112 Mo. 155, 20 S. W. 459; In re Petition of Gardner, 41 Mo. App. 589. The appropriate remedy for the redress of error committed by the county court in the final determination of a case under section 1110 of the Revised Statutes of Missouri of 1889, is by appeal, as in road cases. Hagemeir v. Keene, 8 Mo. App. 574; In re Webster, 36 Mo. App. 360-361; In re Big Hollow Road, 111 Mo. 329, 19 S. W. 947.

*Martin L. Clardy, James F. Green* and *Louis F. Dinning* for respondent.

NORTONI, J.—There are a number of questions presented in the briefs. In the opinion of the court, the right to the relief prayed for is decisive on the record before us and it will be principally noticed. The proceeding was instituted in the county court of Ripley county by twenty petitioners, contiguous landowners along respondent's railway, praying said county court to make an order directing and commanding the respondent railway company to cause to be constructed and maintained suitable ditches and drains on the sides of its railway, etc. The case found its way into and was dismissed by the circuit court. The petitioners prosecuted this appeal.

The statute upon which they rely, is as follows:

"It shall be the duty of every corporation, company or person owning or operating any railroad or branch thereof in this State, and of any corporation, company or person constructing any railroad in this State, within three months after the completion of the same through

any county in this State, to cause to be constructed and maintained suitable ditches and drains along each side of the roadbed of such railroad, to connect with ditches, drains, or watercourses, so as to afford sufficient outlet to drain and carry off the water along such railroad whenever the draining of such water has been obstructed or rendered necessary by the construction of such railroad; and in case such corporation, company or person shall fail or neglect to construct and maintain such ditches or drains within the time limited in this article, the county courts of the counties through which such railroad has been or may be located are hereby authorized and required, upon the petition of twenty landowners of such county along the line of and contiguous to such railroad, to cause such ditches or drains to be constructed and maintained and such court may maintain an action against such corporation, company or person so failing to construct and maintain such ditches or drains in any court of competent jurisdiction, in the name of such county, and shall be entitled to recover all costs, expenses and damages incurred and accruing in the construction and maintenance of such ditches or drains; and it shall be the duty of every corporation, company or person owning or operating any railroad or branch thereof in this State, to cause all dead or dry vegetation and undergrowth upon the right of way occupied by such railroad company to be cleaned off and burned up or removed twice in each year, for the purpose of preventing the spread of fire, and the destruction of property, to-wit: between the 1st and fifteenth days of August, and between the 5th and 25th days of October, in each year; and any corporation, company or person failing to comply with the provisions of this section shall incur a penalty not to exceed five hundred dollars, and be liable for all damages done by said neglect of duty." [Sec. 1110, R. S. 1899.]

The provisions of this statute are sought to be in-

voked by the twenty contiguous landowners, as above indicated, who joined in a petition otherwise sufficient but fatally defective in that it prays the county court to order the railway to construct the ditches and fails to pray the said court to construct the same or cause their construction at public expense and charge the expenditure thereof against the railway company. The prayer of the petition is as follows:

"Wherefore your petitioners pray the court to make and enter an order herein, commanding and directing the said St. Louis, Iron Mountain & Southern Railroad Company to proceed without unnecessary delay, to cause to be constructed, and thereafter to be maintained, suitable ditches and drains on each side of its said railroad, in said Ripley county, to connect with ditches, drains or water courses, so as to afford sufficient outlet to drain and carry off the water whenever the same has been obstructed or rendered necessary by the construction of such railroad, as is contemplated and provided by section 1110 of the Revised Statutes of Missouri of 1899. And your petitioners will ever pray, etc."

It will be observed that there is no authority vested in the county court by the statute quoted to order or enforce the railway company to provide such ditches, etc. The statute imposes upon the railway company the duty of providing such ditches and drains, it is true, as follows: "It shall be the duty of every corporation . . . owning or operating any railroad . . . within three months after completion of the same . . . to cause to be constructed and maintained suitable ditches and drains along each side of the roadbed of said railroad;" and it then provides that, "in case such corporation, company or person shall fail or neglect to construct or maintain such ditches or drains . . . the county courts . . . are hereby authorized and required, upon the petition of twenty landowners of such county along the line of and contiguous to such railroad, to cause such ditches or drains to be constructed and maintained and

such court may maintain an action against such corporation, company or person so failing to construct and maintain such ditches or drains . . . in the name of such county and shall be entitled to recover all costs, expenses and damages incurred and accruing in the construction and maintenance of such ditches and drains."

The argument advanced by the appellants is that the language employed in the section to the effect that the county court is "authorized and required" upon presentation of the petition mentioned, "to cause such ditches and drains to be constructed," empowers and authorizes such court to make an order directing the railroad company to construct and maintain such ditches and enforce such orders. The court is not persuaded by this argument. The statute seems plain and unambiguous on its face. There is no question of statutory construction involved. It is a plain simple matter of interpretation of the language employed by the Legislature from which the manifest intention appears to be that it was contemplated by the law-making power that in event the railway company defaulted in the statutory duty imposed, then if it were a matter of sufficient public concern to interest twenty contiguous landowners, the power of the county court might be invoked to the end that such ditches and drains be supplied by public expenditure in that behalf under the orders and authority of that court; and that the court would thereupon be "authorized and required" to "cause such ditches and drains to be constructed" at public expense and charge the same against the defaulting railroad company and reimburse the public treasury for such expenditure by suit at law in the name of the county against the railroad company in any court of competent jurisdiction, in which suit the county would be entitled to recover "all costs, expenses and damages incurred and accruing in the construction," etc. There is certainly no word in the statute, when its context is examined, conferring authority upon such court to make or enforce an order

upon the railroad company or other person owning or operating the road to construct the ditches, and this court is neither authorized nor disposed to read such authority into it by strained construction. The provisions are ample and sufficient to subserve all practical public purposes, as they are plainly written. The statute, being in derogation of the common law, must be strictly construed and nothing can be taken by intendment which is not manifestly within its letter or spirit.

2. It seems quite clear that the action of the county court contemplated under these provisions, is in its nature, ministerial rather than judicial, and therefore the pending controversy is one of that class in which no appeal is allowed from the county court. [Barnett v. Pemiscot County Court, 111 Mo. App. 693, 86 S. W. 575.] Upon failure of such court to act on a proper petition, mandamus and not appeal would be the proper remedy.

As to whether or not the county court would be authorized by the statute to thus appropriate the public revenues under certain of the provisions contained in our Constitution of 1875, or as to whether such statutory provisions are valid when measured by the Constitution, we express no opinion, for the reasons: first, that it is unnecessary to a decision of this case; and, second, because questions of that nature are cognizable by the Supreme Court and above and beyond our jurisdiction.

For the reasons stated, the judgment of the learned trial court is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.