### JOSEPH NALLE v. CITY OF AUSTIN.

No. 1709.   Decided October 30, 1907.

1.—City—Charter—Street Paving—Assessment of Benefits—Judgment—Appeal.

A special city charter giving the council power over the paving of streets provided for assessing the benefits therefrom to abutting property owners "by

a commission of three citizens to be appointed in the same manner as in the condemnation of the right of way for railroads," and governed by "the procedure and practice established by law in such condemnation cases." Held that the provision of the law for rendering judgment in condemnation proceedings was not applicable to nor adapted to govern such proceedings; that the proceedings were not judicial proceedings in the County Court and the decision did not become a judgment of that court; that appeal did not lie from it to the Court of Civil Appeals; and the Supreme Court had no jurisdiction to answer a question certified on such appeal. (Pp. 54, 55.)

**2.—Same.**

It was within the discretion of the Legislature to select the instrumentalities by which the assessment of benefits to owners of abutting property by municipal improvements shall be made. The selection of the county judge therefor did not make the proceeding a judicial one nor the award one by his court. (Pp. 54, 55.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from Travis County.

*Gregory & Batts* and *G. S. Wright,* for appellant.—The improvements contemplated have not been constructed, and their construction is not contemplated until after the collection from said Joseph Nalle of the amount which said city of Austin seeks to collect from him by this proceeding, all of which is contrary to the Constitution and laws of this State. Constitution of Texas, sec. 17, art. 1; Special Acts of Twenty-ninth Legislature (1905), pp. 116, 117; Rev. Stats. of Texas, art. 4471; Travis County v. Trogdon, 88 Texas, 309; Galveston, H. & S. A. v. Baudat, 18 Texas Civ. App., 601; Cleburne v. Gulf, etc., R. R. Co., 66 Texas, 461; Bayha v. Carter, 7 Texas Civ. App., 3; Flewellin v. Proetzel, 80 Texas, 195; Coleman v. Thurmond, 56 Texas, 514; Houston & T. C. v. Travis Co., 62 Texas, 16.

In this proceeding, it is sought to render judgment against said Joseph Nalle for a sum in excess of the jurisdictional amount of the County Court, or it is sought to make an order of this court which the ordinance of the city of Austin and the special act of the Legislature attempt to give the force and effect of a judgment, for an amount in excess of the jurisdiction of the County Court of Travis County, Texas. The County Court has no jurisdiction over any suit where the matter in controversy exceeds $1,000, and the District Court has exclusive jurisdiction over such suits. Amendment of the Constitution of 1876, article 5, sections 8 and 16; Chapman v. Brite, 4 Texas Civ. App., 511.

An act of the Legislature, in order to be valid, must contain but one subject, which shall be expressed in its title or caption. Art. 3, sec. 35, Sayles Const., 1876; Giddings v. San Antonio, 47 Texas, 548; State v. Shadle, 41 Texas, 404; Clark v. Finley, 93 Texas, 177; Peck v. San Antonio, 51 Texas, 490.

Said proceeding seeks to place a tax upon the property of said Joseph Nalle and fix a lien upon the same to secure the payment of said tax, which tax, when added to the tax levied upon said property by the city of Austin for the year 1906, exceeds the constitu-

tional limit of two and one-half dollars on the $100 valuation. Section 5, article 11 of Constitution; Roundtree v. Galveston, 42 Texas, 625.

*Allen & Hart,* for appellee.—The amount which was adjudged as the benefits to appellant's property by reason of the paving is held in trust by the city for that purpose alone, and there was and is no taking of his property by the city, and will not be until the work is completed.    15 Cyc., 645, 652, 667-8 (note 10), 775; Smeaton v. Martin, 57 Wis., 364; Bloomington v. Latham, 142 Ill., 462; Hutcheson v. Storrie, 92 Texas, 692.

The provision of the ordinance does not enlarge the jurisdiction of the County Court, and does not render any judgment against the appellant in this case for any amount.    It only determines the amount of benefits that will accrue to the property of appellant, and is a legal provision, and relegates the city to the District Court for enforcement of any claim it may assert.  Rev. Stats., 1895, art. 4469, also arts. 4447-4469; Special Laws, Twenty-ninth Legislature, p. 116; Gulf, C. & S. F. Ry. v. Toquard, 3 App. Civ., sec. 141.

The caption to the bill is sufficient and the powers enumerated in section 64 are incidental and promotive of the general intent as expressed by the caption.    The details by which the object is obtained are unnecessary in the caption.    City of Austin v. McCall, 95 Texas, 565; Morris v. State, 62 Texas, 728; Austin v. Gulf, C. & S. F. Ry. Co., 45 Texas, 235; Tadlock v. Eccles, 20 Texas, 792; State v. Parker, 61 Texas, 267.

The assessment provided for in the charter and ordinance of the city is one for local improvements and not within the meaning of the term "taxation."    Allen v. Galveston, 51 Texas, 320, and authorities there cited; Taylor v. Boyd, 63 Texas, 542; Harris County v. Boyd, 70 Texas, 241; Higgins v. Bordages, 88 Texas, 461.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified questions from the Court of Civil Appeals for the Third District as follows:

"On August 13, 1906, the city of Austin filed in the County Court of Travis County, a petition and application for the appointment of commissioners, alleging that it was a corporation acting under a special act charter, that appellant was a resident citizen of the municipality, and was the owner of certain property abutting on East 6th Street within the limits of said city; that the city council had passed an ordinance providing for the paving of said street, and that the city had made a contract with one F. O. Brown to do said paving, and that his bid had been accepted by the city; and that appellee had notified appellant to meet with its committee and make any objection he might to the acceptance of the bid of said Brown; that appellant refused to meet with said committee or to make any agreement as to the proportionate share of the cost of said work to be paid by him for the paving of that portion of the street situated in front of his property; that said refusal on the part of appellant was reported to the city council, and that this

proceeding was ordered by said council to be instituted; that the paving had not been laid in front of said property or any of it, and that it was not to be laid until after the collection from appellant of the money sought to be recovered by this proceeding; that the tax levied upon said property by the city of Austin for the year 1906, amounted to $1.09½ on the $100 valuation, and that the amount of money sought to be collected by this proceeding, if treated as a tax, would make the municipal tax for said year on said property exceed $2.50 on the $100 valuation. · The petition prayed for the appointment of three commissioners to ascertain the proportionate amount of benefits against said property, and that notice of the proceeding be given to appellant, and that the court set a day for the hearing of such matter, and that upon final hearing the report of the commissioners appointed by the court be confirmed by the court and their assessments made in accordance with the law and the ordinance passed in relation to the paving of the city of Austin. The board of commissioners was appointed, its members were duly notified and qualified, notice of their appointment and the purpose of the commissioners was served on appellant, and the commissioners filed their report, fixing the proportionate benefits to said property of appellant by virtue of said paving at $1,163.50. Appellant filed a general demurrer, a number of special demurrers and a general denial to this petition and application. Appellant's general and special demurrers were overruled by the trial court.

"The case was tried before the court without a jury, and judgment was rendered in favor of appellee, making the report of the commissioners the judgment of the court against appellant for the sum of $1,163.50, to which action of the court, as well as the action upon the general and special exceptions in the opposition and answer, appellant excepted.

"The provision of the ordinance of the city of Austin relating to the use to which the amount assessed should be put is as follows: 'When any sum is collected by reason of proceedings, as above provided for, the same, except the costs and attorney's fees, shall be used in paying for the street paving upon Congress Avenue and East 6th Street, provided for above, and shall be used for no other purpose."

The ordinance relating to the action of the county judge to be taken in reference to such assessment, is as follows: "The county judge shall cause the said decision to be recorded in the minutes of his court, and shall make the same the judgment of said court, and may issue the necessary process to enforce the same, if such sum be within the jurisdiction of the County Court; and if said sum so adjudged be not within the jurisdiction of the County Court, the city shall have the right to bring suit in the court having jurisdiction to enforce the same."

"The special act of the Legislature claimed to give the city authority for this proceeding, is as follows:

" 'Chapter 10.

" 'An act to amend section 64 of An Act of the Twenty-seventh Legislature of the State of Texas, entitled An Act to incorporate the city of Austin, to grant it a new charter and to fix its boundaries, approved April 13, 1901, and being Chapter VIII of the special laws of the regular session of the Twenty-seventh Legislature of the State of Texas.'

Be it enacted by the Legislature of the State of Texas:
" 'Section 1.    That section 64 of an act to incorporate the city of Austin, to grant it a new charter and to fix its boundaries, approved April 13, 1901, being Chapter VIII of the special laws of the Twenty-seventh Legislature, be so amended as to hereafter read as follows:
" 'Section 64.    That the city council shall fix and determine the nature of all sidewalks, streets, drainage and sewerage improvements, and decide the kind of material to be used.    The city council shall also fix and determine the necessary nature and extent of streets and sidewalk improvements, repairs and reconstruction, and may at its discretion cause all or any part of such streets and sidewalks to be constructed, reconstructed, graded, regraded, paved, repaved, or in any other way repaired, improved or maintained and said council shall have full power and authority to provide by ordinance, for the manner of determining, after notice and by due process of law, of the amounts of benefits to each parcel of abutting property, by reason of any such improvements, repair or reconstruction, and a fair and just proportion of the amount of the cost of the same to be paid by each abutting owner, and the amount of cost so adjudged shall be a personal liability against such owner, as well as a first and prior lien and charge upon his abutting property.    All assessments and benefits and the proportion and amount of costs to be paid by the abutting owner shall, unless such owner and the city council agree upon the same be determined by a commission of three citizens, to be appointed in the same manner as in the condemnation of right of way for railroads, and the procedure and practice established by law in such condemnation cases, so far as applicable, shall govern assessments for street and sidewalk improvements.    The assessment of cost against an abutting owner shall in no case exceed the benefit of his abutting property, as established by the judgment of the commission, but the owner shall be entitled to no reduction for benefits received by him in common with others, and the total cost, not in excess of the total benefits to abutting owners, shall be fairly distributed by said commissioners among such owners, first deducting the cost of street crossings, and of such portions of said improvements, if any, as may be paid for by the street railroad companies, or other railroad companies occupying portions of the street under improvement, or required by their franchises to pay therefor.'    (Special Laws, 1905, p. 116.)

"Appellant by proper assignments of error contends, (1) that as the application and petition of appellee show that the paving had

not been laid and is not contemplated to be laid until after the collection of the assessment against him, this proceeding is a taking of his property without compensation being first made or secured, in violation of section 17, art. 1, of the Constitution of this State; (2) that said act of the Legislature by virtue of which this proceeding is authorized is unconstitutional and void, because it seeks to enlarge the jurisdiction of the County Court of Travis County by permitting it to render a judgment in excess of $1,000, and on that account the judgment of the trial court in this case was erroneous; (3) that said special Act of the Legislature upon which this proceeding is based is unconstitutional, because it contains more than one subject, in that it attempts to enlarge the powers and jurisdiction of the County Court of Travis County, and at the same time seeks to confer certain powers upon the city council of the city of Austin, and that the first subject named is not expressed in the title or caption of said act; (4) that this proceeding seeks to place a tax upon the property of appellant, and to fix a lien upon the same to secure the payment of said tax, which tax, when added to the tax levied upon said property by the city of Austin for the year 1906, exceeds the constitutional limit of $2.50 upon the $100 valuation.

"The allegations of appellee's application and petition are supported by the evidence, as shown by the record. This court ruled against appellant upon each of the above contentions, and affirmed the judgment of the court below, and a copy of the opinion accompanies this certificate. The appellant has filed a motion for rehearing, which is now pending in this court.

"Questions:

"1. Does this proceeding by the city of Austin, as shown in the statement above, constitute a taking of the property of appellant; and if so, is it a taking without compensation being first made or secured?

"2. Does said special Act of the Legislature enlarge the jurisdiction of the County Court of Travis County so as to authorize it to render a judgment in excess of $1,000; and if so, is said act in that respect unconstitutional?

"3. Is said special Act of the Legislature unconstitutional upon the ground that it contains more than one subject, in that it attempts to enlarge the jurisdiction of the County Court of Travis County and also to confer certain powers upon the city council of the city of Austin, and that the first subject is not embraced in its title?

"4. Does the assessment made by this proceeding upon appellant's property constitute the imposition of a tax upon said property by the city of Austin for the year 1906?

"This is an appeal from a County Court judgment, and no writ of error will lie to this court from the Supreme Court, and it is a matter of great importance to the city of Austin and its property owners that the questions involved be speedily and finally determined. Hence we feel justified in certifying the above questions for your determination."

Having reached the conclusion that the proceeding before the county judge set forth in the certificate was not one over which either the Court of Civil Appeals or this court can exercise appellate jurisdiction and that no case exists in which this court may entertain certified questions, we must decline to discuss those stated in the certificate further than a discussion of them may be involved in giving the reasons for our conclusion.

That conclusion is based upon the propositions that appeals are given to the Court of Civil Appeals from *judgments* of the County Courts entered in proceedings over which jurisdiction is conferred by law upon them, as courts, and that this is neither such a proceeding nor such a judgment. The section of the Charter of Austin copied into the certificate attempts to provide a method of fixing assessments against property and its owners for local improvements, by ascertaining the extent to which the property has been or is to be benefited by the improvements. For this purpose it authorizes the appointment of the commissioners by whom the assessment is to be made "in the same manner as in the condemnation of right of way for railroads," and provides that "the procedure and practice established by law in such condemnation cases, so far as applicable, shall govern assessments for street and sidewalk improvements."

The appeal from the action of the county judge or court, is prose-cuted, doubtless, upon the idea that this provision means that, in case of a contest of the action of the commissioners, there shall be a trial in and, a judgment rendered by, the County Court and that from such judgment an appeal would lie as in condemnation proceedings. But the provision of the Charter adopts the practice and procedure of the law governing the condemnation of land only so far as it may be applicable, making no express provision for the exercise of jurisdiction or the rendition of a judgment by any court; and the provision made by law for a judgment condemning land for a right of way is wholly inapplicable to the proceeding defined in the charter. That judgment is not for money, but is one vesting the right of way in the company acquiring it, the damages assessed therefor being paid as a condition precedent to the vesting of such right. (Rev. Stats., arts. 4471, 4475.) A judgment in a proceeding like the present would be one for money against the person, or fixing a lien upon property, or both, and to import into the charter a provision therefor would involve the proposition that, by a mere amendment of a section of a special act for the government of a city, the Legislature, without the mention of any such purpose in the title of the act, undertook, not only to change and increase the jurisdiction of a court of the State, but to give to it a species of jurisdiction never before given to it. Laws which have heretofore been passed in this State regulating local improvements by municipal governments have provided for the making of the assessments against property benefited by municipal boards or officers and not by the courts; but it is generally held that the selection of the instrumentalities by which the assessment is to be made is within the discretion of the Legislature, and, so long as no constitutional right of the property holder is infringed, the authority may be constituted as

the Legislature may deem expedient. We regard the provision of the charter in question as being intended merely as an exercise of this power—as prescribing, in a general way, the authority by which and the procedure through which the extent of the benefits and the amount of the assessments may be determined and fixed, and not as prescribing a judicial proceeding in the County Court, as such, and changing or adding to its jurisdiction. The charter, by its reference to the law regulating condemnation, undoubtedly requires that the commissioners be appointed by the county judge. Whether it contemplates other and further action by him is a question which need not be determined. If it be assumed that it does, it by no means follows that such action as he is authorized to take is to be regarded as the action of the County Court, as a court, in the exercise of its proper jurisdiction. Whatever the charter may require as an essential part of the proceeding to fix the assessment must be done to make it valid as an assessment; but, when all is done and a valid assessment results it is still not the judgment of a court such as is essential to authorize an appeal.

The mere fact that the county judge is elected as the authority to act in forwarding the assessment proceeding does not make his action that of the court, for he may be empowered by law to do many things which can not be regarded as in any sense the action of the court. Brown v. Wheelock, 75 Texas, 387. We are not to be understood as intimating an opinion as to the validity of the charter or the ordinance, or the proceedings had under them. Those questions are not properly before us. What we hold is that the action taken is not a judgment of the County Court and that no appeal lies from it and, hence, that there is no case before the Court of Civil Appeals in which we can properly answer certified questions.

*Certificate Dismissed.*