## CITY OF INDIANAPOLIS ET AL. v. HAWKINS ET AL.

[No. 22,377. Filed November 6, 1913.]

1. COURTS.—*Jurisdiction.*—*Definition.*—The jurisdiction of a court is the power or authority conferred upon it by the Constitution and laws to hear and determine causes between parties, and to carry its judgments into effect. p. 384.

2. COURTS.—*Source of Judicial Authority.*—The power of a court to act judicially is limited to that given by the law of the land, and its jurisdiction can be invoked only by some method known to the law, and cannot be conferred by the consent or request of parties in cases where the court would otherwise be without it. p. 384.

3. APPEAL.—*Method of Presenting Cause for Review.*—Appeal is the exclusive method of presenting a cause to an appellate tribunal in all cases in which an appeal may be had. p. 384.

4. APPEAL.—*Origin.*—Appeal, as a remedy of review, was unknown to the common law and is statutory in origin. p. 384.

5. APPEAL.—*Judgments Appealable.*—An appeal may be taken only from a final judgment, order or decree rendered in a judicial proceeding, and then only in case an appeal is permitted in such proceeding. p. 384.

6. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Assessments.*—*Statutory Provisions.*—*Appeal.*—The proceedings authorized by §§8722-8725 Burns 1908, Acts 1905 p. 219, Acts 1907 p. 563, providing for the construction of sewers and assessment of the cost against lands benefited thereby, and providing for reassessments in certain cases by appraisers appointed by the circuit or superior court, are special in character, and, there being no statutory provision therefor, no appeal will lie from any action or decision of the tribunal conducting any such proceeding. p. 384.

7. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Assessments.*—*Review.*—*Statutory Provisions.*—The judge of a circuit or superior court, while acting in proceedings authorized by §8725 Burns 1908, Acts 1907 p. 563, providing for the appointment of appraisers in certain cases to reassess the benefits accruing to property from the construction of sewers, etc., acts in an executive or administrative capacity. p. 385.

8. APPEAL.—*Questions Reviewable.*—*Validity of Statute.*—Where appellants have no foundation for their appeal, the court has no jurisdiction to pass on the constitutionality of the statute under which the proceedings were had. p. 385.

From Superior Court of Marion County (86,681); *Pliny W. Bartholomew*, Judge.

Proceedings by the City of Indianapolis for the construction of a sewer, in which Edward Hawkins and others filed a petition in the superior court for the appointment of appraisers to review the assessments against their lands. From the action of the court in receiving the report of the appraisers, this appeal is prosecuted. *Appeal dismissed.*

*Joseph B. Kealing, Merle N. A. Walker* and *Newton J. McGuire,* for appellants.

*Austin F. Denny, William N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellees.

Spencer, C. J.—The original proceedings in this case were had under §§8722-8725 Burns 1908, Acts 1905 p. 219, Acts 1907 p. 563, pursuant to which the city of Indianapolis, through its Board of Public Works, caused a certain sewer to be constructed and assessed a part of the cost thereof against certain lands belonging to appellees. Appellees' remonstrance against such assessment was overruled, whereupon they filed a verified petition in the Marion Superior Court, in which petition they showed that the amounts assessed against them were excessive and asked that appraisers be appointed to review such assessments. Appraisers were duly appointed, and in their report said assessments were materially lessened. This report was received by the Marion Superior Court over the objection of appellants, and this appeal followed.

In their various assignments of error appellants seek (1) to have reviewed certain rulings made by the judge of the Marion Superior Court during the proceedings, and (2) to question the constitutionality of §8725, *supra.*

Appellees have filed a motion to dismiss this proceeding on the ground that no appeal is allowed in actions of this character and that this court is therefore without jurisdiction to determine the several questions which appellants

seek to present. Appellants concede that no appeal is permitted from the action of the board of appraisers but insist that this appeal is properly taken to determine certain questions of procedure incident to the action of the superior court in appointing such appraisers and in receiving their report.

According to the definition approved in *Robertson* v. *State, ex rel.* (1887), 109 Ind. 79, 82, 10 N. E. 582, ''The jurisdiction of a court means, the power or authority

1. which is conferred upon a court, by the Constitution and laws, to hear and determine causes between parties, and to carry its judgments into effect.'' But

2. the right to exercise such power does not authorize a court to reach out and assume jurisdiction in each and every case to which its attention may be called. This power to act judicially is limited to that given to courts by the law of the land and cannot be conferred by the consent or request of parties in cases where the court would otherwise be without it. It is the law which gives jurisdiction and it must follow as a fundamental rule, applicable to all cases, that such jurisdiction can be invoked only by some method known to the law.

In our practice the familiar and, in all cases to

3. which it applies, the exclusive method of presenting a question to an appellate tribunal, is by an appeal. This proceeding, as a remedy of review, was unknown

4. to the common law and is statutory in origin. With certain exceptions which we need not here consider, it may be taken only from a final judgment, order

5. or decree rendered in a judicial proceeding, and then only in case an appeal is permitted in such proceeding. In the case at bar, the proceeding is special in

6. character and, since no appeal is expressly granted, none may be taken from any action or decision of the tribunal conducting such proceeding. *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949, and cases

there cited. A fundamental principle underlying the right
of appeal in all cases is, that in the absence of express stat-
utory provision to the contrary, the decision appealed from,
must have been made by a tribunal or officer vested with
judicial authority, and while acting in a judicial capacity.
*Stockton* v. *Yeoman* (1913), 179 Ind. 61, 100 N. E. 2; *Potts*
v. *Bennett* (1894), 140 Ind. 71, 39 N. E. 518; *Board, etc.* v.
*Davis* (1893), 136 Ind. 503, 36 N. E. 141, 22 L. R. A. 515;
*Farley* v. *Board, etc.* (1891), 126 Ind. 468, 26 N. E. 174;
*Bower* v. *Cook* (1869), 39 Ga. 27; *Ex parte Evans* (1905),
72 S. C. 547, 52 S. E. 419; *Phelps County* v. *Bishop* (1870),
46 Mo. 68; *Sanders* v. *St. Louis, etc., R. Co.* (1906), 116 Mo.
App. 614, 92 S. W. 736; *Auditor-General* v. *Pullman, etc.,
Car Co.* (1876), 34 Mich. 59.

The judge of the Marion Superior Court was acting in
an executive or administrative capacity in this proceeding
and the statutory right of appeal does not exist as
7.  to such acts. *City of Indianapolis* v. *State, ex rel.*
(1909), 172 Ind. 472, 88 N. E. 687; *Nalle* v. *City of
Austin* (1907), 101 Tex. 48, 104 S. W. 1050; *McKimmey* v.
*McKimmey* (1875), 52 Ala. 102.

Since appellants have no proper foundation for an action
in review, this court has no jurisdiction to pass on
8.  the constitutionality of §8725, *supra*, in this proceed-
ing. *Farley* v. *Board, etc., supra; Nalle* v. *City of
Austin, supra.*

Appeal dismissed.

Note.—Reported in 103 N. E. 10. See, also, under (1) 11 Cyc.
659; (2) 11 Cyc. 661, 670, 673; (3, 4) 2 Cyc. 517; (5) 2 Cyc.
519, 586; (6) 28 Cyc. 1183; (8) 2 Cyc. 533; 8 Cyc. 798. As to what
orders and judgments are appealable, see 20 Am. St. 173.