## TEMPLE et al. v. RIVERLAND CO.
### (No. 1766.)

(Court of Civil Appeals of Texas. Amarillo.
March 2, 1921.)

**1. Arbitration and award ⬚12—Contract held to show statutory arbitration.**

A recital in the contract that it should be filed with the clerk of the court in accordance with the statute, etc., showed a statutory as distinguished from common-law arbitration; the statutes by implication being incorporated into the agreement.

**2. Arbitration and award ⬚12—Requirement that agreement be filed with the clerk may be waived.**

While Rev. St. 1911, arts. 58, 59, provide that an agreement for statutory arbitration shall be filed with the clerk such a matter of procedure may be waived.

**3. Appeal and error ⬚910—Presumption that requirement of filing agreement for arbitration was waived.**

Where defendants the unsuccessful parties to an arbitration proceeding made no exception below on the ground that the arbitration agreement was not filed with the clerk as required by statute, the appellate court will presume that it was waived.

**4. Arbitration and award ⬚2—Statutes providing for arbitration should be liberally construed.**

Statutes providing for arbitration should be liberally construed.

**5. Arbitration and award ⬚84, 85(1)—Common-law and statutory arbitration distinguished as to action on award.**

On a common-law arbitration, action may be required on the award to establish it and secure judgment; but in case of statutory arbitration, the award under Rev. St. 1911, art. 63, is entered as the judgment of the court, and the court performs no judicial function, its duties being merely ministerial.

**6. Arbitration and award ⬚84—Where right of appeal not reserved, award becomes judgment.**

If no right of appeal is reserved, the decision of the arbitrators under Rev. St. 1911, art. 65, becomes final, and the award on motion will be made the judgment of the court unless impeached on equitable grounds as fraud.

**7. Arbitration and award ⬚73—Where right of appeal not reserved, the award is final.**

Where no right of appeal is reserved, the award is final and conclusive, and no appeal can be taken from the judgment entered thereon; but if such right is reserved presumptively the dissatisfied party may appeal from the decision of the district court hearing the appeal from the decision of the arbitrators.

**8. Corporations ⬚657(3)—Contract by foreign corporation without license is not void.**

Rev. St. 1911, art. 1318, declaring that no foreign corporation can maintain any suit or action in any court unless it has procured a permit, etc., does not render void contracts made by a foreign corporation doing business without a permit, but merely prevents the corporation from enforcing any of its rights by action.

**9. Corporations ⬚661(6)—"Arbitration" held not an "action" by foreign corporation to which restrictive statute requiring permit applies.**

As "arbitration" is the investigation and determination of matters of difference between contending parties by one or more unofficial persons chosen by the parties and called arbitrators or referees, and results in the substitution of a private tribunal for the courts, an "arbitration" is not an action within Rev. St. 1911, art. 1318, providing that no foreign corporation doing business without a permit can maintain any suit or action; and hence, where the arbitrators made an award in favor of such a foreign corporation, it is entitled to have the award, the proceeding being statutory, entered up as a judgment of the court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action; Arbitration.]

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Motion by the Riverland Company for judgment on award of arbitrators, opposed by H. H. Temple and another. From a judgment in favor of plaintiff, the defendants appeal. Affirmed.

Aynesworth & Williams, of Wichita Falls, for appellants.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellee.

HUFF, C. J. On the 10th day of November, 1919, the Riverland Company, a corporation, incorporated under the laws of the state of Delaware, entered into an agreement with H. H. Temple and S. V. White, the appellants herein. The agreement recited that the parties hereto have a disagreement existing between them as to the meaning and interpretation of a certain written contract, relating to certain oil and gas leases in Wichita county, Tex., etc., and for the purpose of a complete settlement the parties now denominating themselves plaintiff and defendant, agree to arbitrate their differences and matters in dispute, and they name for the Riverland Company John C. Kay, of Wichita Falls, and the other party named, A. H. Britain, of Wichita Falls. After reciting the age and qualification of the arbitrators, they make the following:

"And the parties agree that they will abide by in all things the findings of said arbitrators, and this agreement shall be filed with the clerk of the district court of Wichita county, Tex., in accordance with the statutes of Texas governing arbitration."

On the 10th day of February the arbitrators rendered an award, reciting the making

of the agreement and also that the arbitrators had been duly sworn on the 10th day of November, A. D. 1919, but for good and sufficient reasons they postponed the hearing until the 10th day of February, A. D. 1920; that the plaintiff appeared by its vice president, S. V. White, and by its counsel, and the defendants appeared in person, and by their counsel. Then that said arbitrators having heard the allegations and proof of the parties, all of which were duly submitted to them, and it appearing from the agreement, etc., they then proceeded to recite their findings and further recited:

"We, therefore, find that the defendants, H. H. Temple and S. V. White, shall pay to the Riverland Company the said sum of $22,260. The cost in this behalf incurred shall be paid one-half by each of the parties thereto. This judgment is here now certified to the district court of Wichita county, Tex., under the laws of this state in such cases made and provided, relative to arbitrators."

The award is dated the 10th day of February, 1920. The Riverland Company made its motion for judgment on the award in the district court of Wichita county, the Seventy-Eighth district, attaching thereto the agreement and award, asking that the court enter the judgment as the law directs. This motion appears to have been filed March 1, 1920. The defendants filed an instrument in the nature of a protest, alleging that in the matter above set out the Riverland Company are the plaintiffs and that these defendants are the defendants; that the plaintiff is a foreign corporation; that it had no permit to do business in the state of Texas; that it has not filed a copy of its articles of incorporation with the Secretary of State of the state of Texas; that it is by means of this suit seeking to enforce the cause of action in the courts of the state of Texas, which grew out of business transacted wholly within the state of Texas, and no part thereof is interstate commerce; that by virtue of the law it is not permitted to bring this suit or maintain the same after it has been brought, either in the main suit seeking to enforce the award of the arbitrators, or by way of garnishment or other ancillary action and of this prayed the judgment of the court.

At the request of the defendants the trial court made findings of fact, setting out the agreement and the award heretofore mentioned, and he finds that the agreement to arbitrate was not filed with the clerk of the district court until after the rendition and making of the award, nor did the clerk of the district court have anything to do with said arbitration other than the filing with him the agreement to arbitrate and the award of the arbitration, which was done several days after the award was made; that the Riverland Company, about the 15th day of February, 1920, filed the arbitration agreement and award thereon, with the clerk of the district court of Wichita county, Tex., and made due and proper motion in this court that said award should be entered as a judgment of the court. He sets up the answer of the defendants therein as heretofore stated. He finds as a fact that the Riverland Company is a foreign corporation, organized under the laws of the state of Delaware, and with no permit to do business in Texas prior to the 26th day of February, 1920; that the subject-matter of the award and all money awarded by the arbitrators, as more fully set out in the contract and award, arose wholly out of business transactions conducted by and between plaintiffs and the defendants under the contract in question, in Texas; that the arbitrators were duly sworn as such arbitrators prior to the time they sat as such, etc. Judgment was entered on the 3d day of April, 1920, setting out the motion for judgment, the agreement to arbitrate, and the award of the arbitrators, and concluding the judgment in the ordinary form for the amount, in favor of the Riverland Company, against H. H. Temple and S. V. White. It is from this judgment that the appellants appeal.

We will notice first the third assignment, which asserts that the trial court erred in holding the arbitration agreement and award thereunder statutory. This appears to be based upon the finding of the court that the agreement was not filed until after the award.

[1-3] The recitation in the contract that it should be filed with the clerk of the court in accordance with the statutes, showing on its face it was to be an arbitration and the award also showed it was made with reference to the laws of this state, relative to arbitration, clearly evidenced the purposes of the parties thereto to make a statutory arbitration as distinguished from a common-law agreement. They make the statutory law with reference to arbitration part of their agreement, and we may regard it as if the statutes were incorporated therein. Tennessee Coal Co. v. Roussell, 155 Ala. 435, 46 South. 866, 130 Am. St. Rep. 56. The fact that the agreement was not filed with the clerk before the award was a matter which could be waived. The arbitrators were sworn, set the hearing, and all the parties appeared before them without any objection appearing either then or afterwards that the agreement had not been filed. Articles 58 and 59, R. C. S., provide that the agreement shall be filed with the clerk, but these matters of procedure may be waived. There was no exception in the court below on the ground stated. The appellate court will presume the matter was waived. Alexander v. Mulhall, 1 U. C. 764; Hall v. Morris, 30 Tex. 280; Hooper v. Brinson, 2 Tex. 185; McHugh v. Peck, 29 Tex. 141.

[4-7] Our courts from an early day have

not applied a strict construction to the statutes authorizing arbitration. "To apply such a construction to the 'act to authorize a settlement of disputes by conciliation or arbitration,' would not be in accordance with any principles heretofore applied in the construction of civil proceedings and remedies in general. Certainly it would not be in harmony with the declared opinion of this court, that 'the objects to be effected by the act, invoke a liberal construction of its provisions.' 2 Texas, 47, 3 Id. 164." Forshey v. Railway Co., 16 Tex. 516, 527. We therefore conclude the parties proceeded under the statute to adjust their differences by arbitration. It will be well to keep in mind the difference between a common-law and statutory arbitration with reference to enforcing the award. On the former, a suit may be required on the award to establish it and secure a judgment, in a regular proceeding for that purpose. Upon the latter the agreement and the award is to be filed by the arbitrators with the clerk, and at the succeeding term of the court "such award shall be entered and recorded as the judgment of the court." Article 63. The court, in entering the award, performs no judicial function in pronouncing judgment or in determining the rights of the parties. The entry is purely a ministerial act which the law commands as a duty. Article 65 provides if a right of appeal is not expressly reserved in the original agreement to arbitrate, no such right shall exist, "but the decision of the arbitrators shall be final." This article further provides if the right was so reserved and either party files his application with the clerk, he may appeal. When such appeal is taken it is noted on the docket of the court and the opposite party is served with citations in ordinary cases of suit by petition. After service the case stands for trial de novo, as in ordinary cases. Article 66. From a judgment rendered on such proceeding, we presume an appeal could be taken as in other cases. Eubank v. Bostick, 194 S. W. 214; State v. Haldeman, 163 S. W. 1020; Shultz v. Lempert, 55 Tex. 273. If no right of appeal is reserved and if the agreement is in substantial compliance with the statute, then the award will, on motion, be made the judgment of the court, unless it is impeached on equitable grounds for fraud, or the like. Payne v. Metz, 14 Tex. 56; Forshey v. Railway Co., 16 Tex. 517. In the latter case, upon rehearing Judge Wheeler said, at page 540:

"The award is not a proceeding to bring a cause into the district court for trial; it is the result of a trial had before arbitrators. It is res adjudicata by the judgment of the arbitrators; and unless an appeal has been reserved it is final, until set aside for cause."

Again he says:

"If parties see proper to try their causes in this mode, they must be bound by it. They may reserve the right of appeal, if they see proper; * * * but if not, the award is final; and is to be made the judgment of the court, as a matter of course, * * * unless it is impeached for some cause, for which a court of chancery would set it aside."

Our courts, from the earliest, have held under statutory arbitration, in the absence of fraud, misconduct, and the like, the award is final and conclusive upon matters submitted for the determination of the arbitrators. Sanders v. Newton, 57 Tex. Civ. App. 319, 124 S. W. 482; Gilbert v. Knight, 3 Willson, Civ. Cas. Ct. App. § 315; Robbs v. Woolfolk, 224 S. W. 234.

[8] The above general rules we have considered essential to a consideration of the first and second assignments of error, which are to the effect that the court erred in entering judgment because the appellee was a foreign corporation, doing business in Texas, without having complied with the law with reference to obtaining a permit to do business in the state, and in holding the entry of the judgment was a ministerial act. Article 1318 provides: "No such corporation (foreign) can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand," unless the corporation has filed its articles of incorporation in the office of the Secretary of State, for the purpose of procuring its permit. The appellants urge in this court that the contract under which their liability accrued was made and performed in Texas by a foreign corporation, without complying with the law of this state, was illegal and void, and that the agreement to arbitrate was also void, and that therefore the award being illegal could not be made the basis of the judgment of the court. Our Supreme Court has held expressly that a note given to a foreign corporation, in settlement of business transacted in this state, without complying with the law, was not void. It was said by that court:

"It will be observed that under these articles it is not * * * implied that any contract or right which might be entered into or acquired by a foreign corporation without compliance with the statute should be void. The statute expressly denounces the penalty against such failure to comply with the law as being barred from the courts of the state to assert any right that such corporation may have growing out of a transaction had without complying with the terms of the * * * statute." State Bank of Chicago v. Holland, 103 Tex. 266, 126 S. W. 564; Smythe, etc., v. Ft. Worth, etc., 105 Tex. 18, 142 S. W. 1157.

In the first above case, the bank was an innocent purchaser of the note sued on and was permitted to sue in the courts of this state on the note, while the payee in the note would have been denied that privilege. The United States Supreme Court, in passing on the New York statutes, the provisions of

which with reference to denying foreign corporations the privilege of the state courts, are substantially the same as those of ours and holds the contract not void or nonenforceable, saying:

"In this view, despite its transaction of business without authority, the foreign corporation could sue upon its contracts in any court of competent jurisdiction other than a court of the state of New York." David Lupton's Sons Co. v. Automobiles Club, 225 U. S. 489, 32 Sup. Ct. 711, 56 L. Ed. 1177.

That case quotes from the New York courts on the question to the effect that there was no doubt but the Legislature could have gone further and declared all contracts to be void which were made by a foreign corporation doing business in that state, without having obtained a permit; but it had not done so. The same may be said of our statutes. In New York a foreign corporation, if sued in that state, is not denied recovery upon a counterclaim against the plaintiff, even though the corporation had no permit to do business in the state, when the claim arises out of the transaction upon which plaintiff's cause of action was based. It is held there was no prohibition provision in the statute against the counterclaim. The defendant was thus brought into court and thus made to defend. See the Lupton Case, supra. We see no reason why this rule should not prevail in this state. It was held by our Supreme Court, in the Smythe Case, supra, that a judgment that the plaintiff, a foreign corporation, take nothing by its suit, was in effect holding the contract sued on null and void, which should not have been done. "Since the law of this state does not render void the 'contract made and performed in the transaction of business in this state by a foreign corporation, without a permit, but only denies such corporation the right to enforce such contract or cause of action arising out thereof, in the courts of this state, the judgment rendered should have been one dismissing the plaintiff's suit in the trial court." It is settled, we think, that the contract out of which the cause of action grew was not void; neither do we think the agreement to adjust the differences growing out of the original contract void. Under this agreement under the statute, the award was final. Since there was no right of appeal reserved in the agreement, the award was final, res adjudicata, and the court, under the law, should have entered a judgment as a matter of course, not as a judicial determination by the court, but as a ministerial act. This judgment entered upon the award could not be appealed from. State v. Halderman, 163 S. W. 1020; Nalle v. City of Austin, 101 Tex. 48, 104 S. W. 1050.

Under the agreement to arbitrate and the award, the issues and rights of the parties were adjudicated outside of the court. The appellants had the right in an action to attack the award for fraud or because the agreement was against the law and void. This they sought to do, and whether it be considered merely a protest to the entry of the judgment or a bill in equity to vacate the award, it was then a suit in court by appellants, asking for an affirmative judicial determination by a regular constituted court in the suit filed by them. This action was "maintained" by appellants and not the corporation. The appellee, under such proceedings, could not be said to be maintaining a suit. It has never been held in this state, in so far as we have been informed, that a foreign corporation cannot defend an action brought against it. An examination of the statutes, relating to arbitration, evidences there is no action in a court until after the award is returned and filed. If there was a reservation of the right of appellee in the agreement and appellant filed it, it is then docketed and citation served as in ordinary suits, and then it is tried de novo as other actions. If this is not done, then there must be a proceeding upon equitable ground to set aside the award. This action is analogous to a bill of review. Certainly the corporation may show the judgment in such case was fairly had or that the contract was not void. This is the first action in the court and this is maintained by appellants. The agreement or judgment was not void, as we have shown. The appellants, even though it was shown appellee was a foreign corporation in a regular suit, were only entitled to a dismissal of the cause of action filed in a court. Certainly the court could not dismiss the agreement or discharge the arbitrators. It had no jurisdiction over them. The cause of action arbitrated, being legal and determined by the arbitrators, was not brought in or maintained in the district court. The only cause of action brought in that court was based upon an alleged illegal contract. This was maintained by the appellants. It could not be dismissed by the court because appellee was a foreign corporation, but that issue, under the pleading, was to be determined by that court, and when it was determined to be legal, appellants were defeated in their cause of action.

[9] Appellants evidently proceeded upon the theory that the arbitration had and the entered award in the district court constituted an action in a court of this state.

"Arbitration is the investigation and determination of matters of difference between contending parties by one or more unofficial persons chosen by the parties and called arbitrators or referees." 1 Bouvier's Law Dictionary (Rawle's 3d Rev.) p. 225.

"Arbitration is the substitution by consent of parties of another tribunal for those provided by ordinary process of law, but, that such substitution should be established, the consent of parties thereto should be proved in the usu-

al way." Boyden v. Lamb, 152 Mass. 416, 25 N. E. 609.

"Arbitration is an arrangement for taking and abiding by the judgment of selected persons in some disputed matter, instead of carrying it to the established tribunals of justice; and is intended to avoid the formalities, the delay, the expense, and vexation of ordinary litigation. When the submission is made a rule of court, the arbitrators are not officers of the court, but are the appointees of the parties, as in cases where there is no rule of court." In Re Curtis-Castle Arbitration, 64 Conn. 501, 30 Atl. 769, 42 Am. St. Rep. 200.

Our Supreme Court, in passing upon an "Act to create a commission of arbitration and define the powers and duties thereof," etc., held:

"In our opinion, the commission is not a court, because it acts only by consent of both parties, and even then is without jurisdiction to render or power to enforce a judgment. It has no jurisdiction, for consent cannot give jurisdiction. It is but a convenient and suitable board of referees or arbitrators, provided to facilitate the adjustment of litigated cases pending in the courts of last resort, available only where both parties agree that the case be so referred. It is not a tribunal before which any litigant can be forced to come with his appeal." Henderson v. Beaton, 52 Tex. 29.

In another case our Supreme Court had under consideration the provision of the charter of the city of Austin, granting the city power over the paving of streets and to assess damages by a commission of three citizens to be appointed in the same manner as in condemnation of the right of way for railroads, and providing the procedure and practice in such condemnation cases should govern the assessment for street improvements. The commissioners filed their report with the county judge. The court, without a jury, rendered judgment upon the report, making it the judgment of the court. It was held substantially that the act in so far as it attempted to change and increase the jurisdiction of a court in this state could not do so, in an act of that kind. The court said it is generally held that the selection of the instrumentalities by which assessment is to be made is within the discretion of the Legislature, and so long as no constitutional right of the property holder is infringed the authority may be constituted as the Legislature may deem expedient. "We regard the provision of the charter in question as being intended merely as an exercise of this power—as prescribing, in a general way, the authority by which the procedure through which the extent of the benefits and the amount of the assessments may be determined and fixed, and not as prescribing a judicial proceeding in the county court, as such, and changing or adding to its jurisdiction;" and that whatever was done is not such a judgment as is essential to authorize an appeal. "The mere fact that the county judge is elected as the authority to act in forwarding the assessment proceeding does not make his action that of the court, for he may be empowered by law to do many things which cannot be regarded as in any sense the action of the court." Nalle v. City of Austin, 101 Tex. 48, 104 S. W. 1050; Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111; State v. Haldeman, supra. The function which is devolved upon the court by the arbitration statute is not judicial, but the power which is conferred was within the authority of the Legislature to grant. Brown Case, supra; Odell v. Wharton, 87 Tex. 173, 27 S. W. 123; Bassel v. Shanklin, 183 S. W. 105. It is our view that the court referred to in the statute from which foreign corporations were excluded is a court exercising judicial powers through officials selected to preside over established tribunals of justice, and before a court which can force a litigant to come for the adjudication of his rights. It does not mean a board or arbitration, created by agreement of the parties. It evidently was not the purpose of the Legislature to deprive a foreign corporation of any right not expressly forbidding it to enforce a legal contract. If the parties make an agreement to settle their dispute out of court, arising out of a legal contract, courts of this state will not interfere, especially when they follow a method conferred on them by the Legislature. We do not think a trial before arbitrators is a "suit or action" within the meaning of article 1318. In discussing arbitration, our Supreme Court has said:

"But the power conferred upon that court to enter a judgment upon an award in a case not pending before it, is purely statutory. It is not a proceeding according to the course of common law. It is neither a suit at law nor a case in equity. There is nothing for the court to hear and determine except the incidental questions which may grow out of the award itself; that is to say, whether or not the arbitrators have impartially discharged their duty under the powers conferred upon them by the submission, and in the manner pointed out by the statute. So far as the merits of the original controversy are concerned, the duty of the court is ministerial, rather than judicial; that is, it is merely to enter judgment in accordance with the legal and proper award. In cases in which an extraordinary power of this character—a power simply to enter judgment in a case not brought before it by petition, complaint, or writ, in accordance with the essential principles of the common law, and upon the finding of a distinct tribunal of the parties' own selection—is conferred by statute upon a court of general jurisdiction, we are of the opinion that the jurisdiction should be treated as special; that the statutory authority should be substantially pursued, and that, if that authority be exceeded, the judgment entered upon the award should be held void. The power of the court, under the statute, to enter the judgment, originates in the

agreement to submit to arbitration, and is confined to the authority to enter the judgment upon the issues submitted, and in accordance with the terms of the submission." Fortune v. Killebrew, 86 Tex. 177, 23 S. W. 978.

We conclude that, in entering into an agreement to arbitrate, the trial before the arbitrators and the award is not, within the meaning of the statute, the maintenance of a suit or action in a court of this· state, from which a foreign corporation would be excluded. That the judgment entered on the award by the district court was only a ministerial act and not a judicial determination of the rights of the .parties, growing out of the original contract made by the parties in this state.

The judgment should be affirmed.