

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXX
WILL WILSON
ATTORNEY GENERAL

Honorable Henry G. Lehman, Chairman
Claims and Accounts Committee
House of Representatives
Austin, Texas

Dear Sir:                         Opinion No. 0-3371
                                  Re: Whether the Legislature
                                      may appropriate money to
                                      the Citizens National Bank
                                      of Cameron, Texas, to re-
                                      imburse it for losses sus-
                                      tained by the purchase of
                                      certain Confederate Pension
                                      Warrants.

        You have requested our opinion on the question of whether the Legis-
lature may appropriate money to pay the Citizens National Bank of Cameron,
Texas, for losses sustained by it on the purchase of certain Confederate Pen-
sion Warrants upon which the State Comptroller has stopped payment. You
have submitted to us, together with your request, the files of the Bank relat-
ing to these warrants which reflect the following warrants now held by the
Citizens National Bank of Cameron:

        1. Eight warrants of Twenty-five Dollars each issued to Mrs.
Sarah Jane Adams from August, 1936, to May, 1937, totalling Two
Hundred Dollars. The file indicates that Mrs. Adams qualified for
Confederate Pension from the State of Louisiana in 1938 upon affida-
vit by her that she had been a resident of Louisiana for at least
five years prior to that date.

        2. Nine Confederate Pension Warrants of Twenty-five Dollars
each issued to Mrs. W. E. Oxford. In letter of Mrs. Oxford, dated
March 29, 1937, she states that she at that time had been living in
Los Angeles for a year and a half.

        3. Nine Confederate Pension Warrants of Twenty-five Dollars
each totalling Two Hundred and Twenty-five Dollars issued to Mrs.
Cordelia A. Forrest. Mrs. Forrest died in Knoxville, Tennessee
on January 4, 1936, and the file indicates that she had lived in Tennes-
see since August, 1934.

4. Twenty-five Dollar and Fifty Dollar Confederate Pension Warrants totalling Six Hundred and Seventy-five Dollars issued to Mr. W. M. Seale. The file submitted to us relating to Mr. Seale's warrants is not complete and consequently we made inquiry of the Confederate Pension Division of the Comptroller's Department and learned that Mr. Seale had been receiving two warrants every month at different addresses for a number of years and that by reason thereof he had received about Nine Hundred Dollars in pension money over what he was entitled to under the law and that this Nine Hundred Dollars is still unpaid to the State.

5. Five warrants of Twenty-five Dollars each totalling One Hundred and Twenty-five Dollars issued to Mrs. Lucinda A. Miers. The Confederate Pension Division of the Comptroller's Department advises us that Mrs. Miers remarried on June 29, 1937, and that she has cashed warrants totalling Three Hundred Dollars since the date of her marriage which sum she has not repaid to the State.

Article 6220, Revised Civil Statutes of Texas, 1925, provides in part:

"* * *, and no pensioner who leaves this State for a period of over six months shall draw a pension while so absent; * * *."

Clearly, under this provision the warrants described above in paragraph Nos. 1, 2 and 3, issued to Mrs. Sarah Jane Adams, Mrs. W. E. Oxford and Mrs. Cordelia A. Forrest, were invalid by reason of the fact that the payees were out of the State more than six months when these warrants were issued. The Comptroller properly stopped payment on these warrants when he learned of the absence from the State of these payees.

Article 4350, Revised Civil Statutes of Texas, 1925, as amended, reads:

"No warrant shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid."

Since Mr. W. M. Seale is indebted to the State in the amount of approximately Nine Hundred Dollars because of double payment to him as described in paragraph No. 4, above, Mr. Seale has been ineligible for further pension payments from the date such double payment commenced until the debt shall have been repaid by him.

Article 6205, Revised Civil Statutes of Texas, 1925, provides in part:

> "* * * A widow entitled to a pension under this Act, but who remarries a man other than a Confederate soldier or sailor shall not be entitled to a pension, but shall not be barred from receiving a pension in the event she should be left a widow after such remarriage, so long as she remains a widow."

By virtue of this provision, Mrs. Lucinda A. Miers has been ineligible for Confederate pensions since the date of her subsequent marriage on June 29, 1937, and consequently pension warrants issued to her since that date are invalid.

It appears, therefore, that none of the payees of the above described warrants were eligible to receive Confederate pensions when these warrants were issued. State warrants are not negotiable paper in the sense that they become incontestable in the hands of a holder in due course. Lasseter v. Lopez (Tex. Sup. Ct.), 217 S. W. 373; Keel v. Pulte (Tex. Com. App.), 10 S. W. (2d) 695. 38 Texas Jurisprudence 852 states the rule as follows:

> "A warrant issued by the Comptroller is not a negotiable instrument in the sense that an innocent purchaser could collect from the State the amount stated on the face of the warrant regardless of the amount actually due."

Since under the statutes, the State owed nothing to the payees of these warrants when issued, the Comptroller acted properly in stopping payments on the outstanding warrants upon being advised of the ineligibility of the recipients.

We turn now to the question of whether the Legislature may appropriate money to reimburse the Citizens State Bank of Cameron for its loss by reason of its purchase of these invalid warrants.

In State v. Wilson, 71 Tex. 291, the Texas Supreme Court held invalid an act of the Legislature which sought to reimburse a contractor for his loss due to the discount he was required to take on State warrants. We quote from the opinion of Judge Gaines in that case at page 302:

> "The payment of this claim is prohibited by section 44 of article 3 of the Constitution, which provides that the Legislature

shall not 'grant by appropriation or otherwise any money out
of the treasury of the State to any individual on a claim, real
or pretended, when the same shall not have been provided for
by the pre-existing law'."

In 1934, the Commission of Appeals in Austin National Bank v.
Sheppard, 71 S. W. (2d) 242, at page 245, speaking through Judge Critz, in
construing the same provision of Article 3, Section 44, said:

"By its express words the constitutional provision under
consideration in no uncertain terms prohibits the Legislature
from appropriating state money to 'any individual' unless such
appropriation shall have been provided for by a 'pre-existing
law.' We interpret this to mean that the Legislature cannot ap-
propriate state money to 'any individual' unless, at the very
time the appropriation is made, there is already in force some
valid law constituting the claim the appropriation is made to pay
a legal and valid obligation of the state. By legal obligation is
meant such an obligation as would form the basis of a judgment
against the state in a court of competent jurisdiction in the event
it should permit itself to be sued. Nichols v. State, 11 Tex. Civ.
App. 327, 32 S. W. 452 (writ ref.); State v. Haldeman (Tex. Civ.
App.), 163 S. W. 1020 (writ ref.); State v. Wilson, 71 Tex. 291,
9 S. W. 155.

"In connection with the above, the case of Kilpatrick v.
Compensation Claim Board that a mere moral obligation will
authorize an appropriation by the Legislature. No writ was
applied for in that case, and it never received the sanction of
this court. The Kilpatrick Case cites Weaver v. Scurry County
(Tex. Civ. App.), 28 S. W. 836; Chambers v. Gilbert, 17 Tex.
Civ. App. 106, 42 S. W. 630; and State v. Elliott (Tex. Civ. App.)
212 S. W. 695. We have carefully examined these authorities,
and in our opinion none of them support the holding that a mere
moral obligation will support an appropriation of state money
to an individual."

Under the foregoing authorities it seems apparent that an appropria-
tion to reimburse the Bank for its loss on the purchase of these invalid Con-
federate Pension Warrants is forbidden by Article 3, Section 44 of the Consti-
tution of Texas.

We are returning to you herewith the files relating to the five pensioners which you submitted to us.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

APPROVED MAY 2, 1941

_Grover Sellers_

FIRST ASSISTANT
ATTORNEY GENERAL

WRK:RS

APPROVED
OPINION
COMMITTEE
By _BWB_
Chairman