

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6673
Re: Rent on certain office space
occupied by Railroad Commis-
sion in 1943.

We have your letter of July 3, 1945, calling our
attention to a conflict between our Opinions Nos. 0-5427
and 0-5650, and a letter dated March 22, 1945, addressed
to Mrs. Neville Colson, Chairman of Committee on Claims
and Accounts, relating to A. G. File No. 6757-93. You re-
quest that we advise what course should be followed by you.

The letter to Mrs. Colson pertains to claims
against the Railroad Commission for rent on office space
occupied by it as follows:

| | | |
|---|---|---|
| $ 66.66 | Kash-Karry Grocery, Austin, Texas. . . . . . | September 1943 |
| 80.00 | Petroleum Building, Wichita Falls, Texas . . . | September 1943 |
| 75.00 | Guaranty Title & Trust Co., Corpus Christi, Texas. . . . . . . . . | September 1943 |
| 175.00 | E. B. Robinson, Austin, Texas. . . . . . . . . | September 1943 |
| 50.00 | City of Palestine. . . . . | September 1943 |
| 50.00 | West Texas Chamber of Commerce, Abilene, Texas . | September 1943 |
| 30.00 | Cleland & Cleland, Mt. Pleasant, Texas. . . . | September 1943 |
| 226.50 | Sterling Building, Houston, Texas . . . . . . | September 1943 |
| 15.00 | Mrs. L. J. Schneider, Austin, Texas. . . . . . . | September 1943 |
| 75.00 | City of Pampa. . . . . . . . | September 1943 |

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

$200.00   S. S. Laird,
       Kilgore, Texas . . . . . . September 1943
  65.00   Milam Building,
       San Antonio, Texas . . . . September 1943
125.00   Petroleum Building,
       Midland, Texas . . . . . . September 1943
100.81   Petroleum Building,      October 1, to
       Midland, Texas . . . . . . October 25, 1943

We are advised that leases on all of the above spaces were executed prior to May 7, 1943. The Forty-eighth Legislature passed Senate Bill No. 266 (Article 666b, V.A.C.S.) with the requisite majorities in both houses, and it became effective on May 7, 1943. Sections 1 and 2 of this Act are as follows:

"Section 1. Hereafter all departments and agencies of the State Government, when rental space is needed for carrying on the essential functions of such agencies or departments of the State Government, shall submit to the State Board of Control a request therefor, giving the type, kind, and size of building needed, together with any other necessary description, and stating the purpose for which it will be used and the need therefor.

"Sec. 2. The State Board of Control, upon receipt of such request, and if the money has been made available to pay the rental thereon, and if, in the discretion of the Board such space is needed, shall forthwith advertise in a newspaper, which has been regularly published and circulated in the city, or town, where such rental space is sought, for bids on such rental space, for the uses indicated and for a period of not to exceed two years. After such bids have been received by the State Board of Control at its principal office in Austin, Texas, and publicly opened, the award for such rental contract will be made to the lowest and best bidder, and upon such other terms as may be agreed upon. The terms of the contract, together with the notice of the award of the State Board of Control will be submitted to the Attorney General of Texas,

Honorable George H. Sheppard, Page 3

who will cause to be prepared and executed in
accordance with the terms of the agreement, such
contract in quadruplicate; one of which will be
kept by each party thereto, one by the State,
Board of Control, and one by the Attorney Gen-
eral of Texas. The parties to such contract
will be the department or agency of the govern-
ment using the space as lessee and the party
renting the space as lessor."

In Opinion No. O-5457 we held that this Act did
not cancel, on the effective date of the Act, any leases
and rental agreements entered into prior to May 7, 1943,
but that all such leases would be terminated on August 31,
1943, (the end of the then current biennium) and that any
subsequent lease would have to be entered into in the man-
ner prescribed by Sections 1 and 2 of the Act.

We are constrained to re-affirm said Opinion No.
O-5457, and you are advised that no warrants may be issued
by you to pay any of the above listed claims for rent.

Since the Legislature has prescribed a mode for
the securing of office space by the various State agencies
and departments, they are restricted to that mode and must
comply with those requirements in order to bind the State.
Ferguson v. Halsell, 47 Tex. 421. See also Weaver v. Robin-
son (Com. App.), 268 S. W. 133, at 141:

"When the Legislature has spoken in plain
language, there is no room for construction. Nor,
under those circumstances, are the courts to be
concerned with the policy of the enactment or the
justice of its effect. Along this line, our Su-
preme Court as far back as the case of Engelking
v. Von Wamel, 26 Tex. 469, 471, said:

"'Where language is plain and unambiguous,
there is no room for construction. It is never
admissible to resort to subtle and enforced con-
structions to limit or extend the meaning of lan-
guage. And, where words or expressions have ac-
quired a definite meaning in law, they must be
so expounded.'"

Honorable George H. Sheppard, Page 4


Our Constitution provides that no grant of public funds shall be made to an individual out of the State Treasury, except where same is provided for by pre-existing law. Section 44, Article III. It is further provided that "No debt shall be created by or on behalf of the State, except to supply casual deficiencies of revenue, repel invasion, suppress insurrection, defend the State in war, or pay existing debt; . . ." Section 49, Article III. Under these provisions it is well settled that no one has authority to make a contract binding on the State, except where he is authorized so to do by the Constitution or a pre-existing statute. Ft. Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S. W. (2) 660; Nichols v. State, 32 S. W. 452; State v. Haldeman, 163 S. W. 1020, writ refused; State v. Wilson, 71 Tex. 291, 299, 9 S. W. 155; State v. Perlstein, 79 S. W. (2) 143, 148 (writ dismissed) State v. Ragland Clinic-Hospital, 138 Tex. 393, 159 S. W. (2) 105.

Since the powers of all State officers are fixed by law, all persons dealing with them are charged with notice of the limits of their authority and are bound at their peril to ascertain whether the contemplated contract is within the powers conferred. There is no occasion in such a case for indulging in presumptions or in relying on appearances. State v. Ragland Clinic-Hospital, supra.

We realize the harshness of our holding, but are powerless to alter the plain dictates of the Constitution in Article III, Section 44 and Section 49 and of the Legislature in Article 666b, V.A.C.S.

We are hereby withdrawing our letter of March 22, 1945, addressed to Mrs. Colson.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
Arthur L. Moller
Assistant

APPROVED JUL 19, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

ALM:mp

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN