

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXN
ATTORNEY GENERAL

Hon. Paul L. Boynton, President
Stephen F. Austin State Teachers College
Nacogdoches, Texas

Dear Sir:

Opinion No. 0-7352
Re: Authority to expend a specific
appropriation for the construc-
tion of a permanent improvement
when the sum appropriated is in-
adequate.

We acknowledge your letter of August 10, 1946, where-
in you request an opinion of this department on matters therein
discussed, which reads, in substance, as follows:

The 49th Legislature appropriated to the Stephen
F. Austin State Teachers College for the year ending
August 31, 1946, $24,000.00 for "steam tunnels and
steam pipes for main buildings." On three occasions,
bids were requested and in each instance the same had
to be rejected because the bids were in excess of the
amount appropriated. Companies are not willing to
bid more closely within the range of costs because of
the uncertainty of material and labor costs. That the
college might realize the sum appropriated, we desire
to know whether we can let a contract, a cost-plus
contract, with the stipulation or agreement with the
bidder that the total work done would not exceed
$24,000.00, and bidder would agree to complete the
unit in its entirety when moneys are made available.
The college could get most of the work done on this
basis, and a contract would be let in such a way that
the bidder-company would agree to complete the unit
upon which it shall work to its entirety.

Under the facts stated, it is revealed that the appro-
priation of $24,000.00 for steam tunnels and steam pipes for
main buildings of the college (Item 78, Acts 1945, 49th Legisla-
ture, Regular Session, Chapter 377, page 796) is inadequate to
meet the present day costs of materials and labor for the con-
struction and installation of the steam system. The basic
question involved here is, we believe, whether the college
has authority to expend an appropriation made for the construc-
tion or installation of the steam system contemplated by the

Legislature, when the sum appropriated is in fact inadequate.

It is elemental, of course, that all power to appropri-ate money for public purposes or to incur any debt therefor, unless given by the Constitution to some other individual or body politic, rests in the Legislature. Sec. 6 of Art. VIII of the Texas Constitution, provides that "no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law." This provision requires specificness as to pur-pose as well as to amount.

The type of appropriation which we are herein discussing is a specific appropriation for a purpose which the Legislature contemplated might be accomplished within the sum appropriated therefor. In other words, we believe that the Legislature in appropriating Item 78 could have and did contemplate the full completion of the construction or installation of a steam tunnel and pipe system for the main buildings of the college, and provided by its appropriation that the cost of the complete system should not exceed $24,000.00  The Legislature specified by its appropriation to the college the purpose for which it should be expended and the specific amount to be expended for the steam system in question.

It is well known that it is the custom with the Legis-lature to appoint committees or boards to investigate the needs of public institutions and to pass appropriation bills for definite amounts for the support, maintenance and erection of buildings and other permanent improvements therefor. Articles 688, 689, 689a-2, 689a-7, V.A.C.S.; State v. Hardeman, 163 S.W. 1020. We do not think the passage of the appropriation bill, above referred to, wherein the specific amount of $24,000 was appropriated for "steam tunnels and steam pipes for main build-ings" for the College, the Legislature intended to grant the trustees thereof discretion to incur liabilities on the part of the State for more than this amount.

All public offices and officers are creatures of the law. The powers and duties of public officers are defined and limited by law. 22 Ruling Case Law, page 555. Public officers may make only such contract with the government they represent as they are authorized by law to make. Fort Worth Cavalry Club vs. Sheppard, 125 Texas, 339. In our opinion, the appropriation law authorized in effect the proper officials of the College to make a contract binding upon the State for the erection, con-struction or installation of the steam system in question and fixing the amount to be spent therefor, by implication, declared that the cost of the steam tunnels and steam pipes for main buildings should in no case exceed $24,000. This was a limita-tion on the authority of the agents representing the State, and any efforts on their part that would attempt to impose upon the

State a contract that would increase its liability beyond the amount stipulated in the appropriation would be clearly un-authorized, and would be an act not binding on the government. Nichols vs. State, 32 S.W. 452; State v. Halderman, 163 S.W. 1020.

Considering the facts herein quoted, wherein it is apparent that the College cannot contract for the construction or installation of a completed steam system as contemplated in the quoted appropriation bill at a cost of $24,000.00, or less, we are of the opinion that the College cannot let a contract stipulating with the bidder that the total work done would not exceed $24,000 and wherein the bidder would agree to complete the unit in its entirety when moneys are made available, for the reasons hereinabove stated.

Trusting the above satisfactorily answers your in-quiry, we remain

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/Chester E. Ollison,
    Chester E. Ollison
    Assistant

CEO:rt:wc

APPROVED AUG 19, 1946
s/Ocie Speer
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman