

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

March 12, 1953

Hon. R. C. Lanning                 Opinion No. S-18
Chairman
State Board of Control      Re: Two questions relating to
Austin, Texas                   the administration of the
                                school bus purchasing law
                                by the State Board of Con-
Dear Sir:                       trol.

        We refer to your request for an opinion of
this office which, in substance, states the following:

        Certain questions have arisen concern-
    ing the administration of the school bus
    purchasing program created by Section 3 of
    Article V, Senate Bill 116, Acts 51st Leg.,
    R.S. 1949, ch. 334, p. 638 (Art. 634(b).V.
    C.S.) and Section 1 of Senate Bill 90, Acts
    52nd Leg., R.S., 1951, ch. 198, p. 325,
    creating the School Bus Revolving Fund, (Art.
    2922-15, Sec. 2, V.C.S.)

        Under present practices within the
    Board of Control, requisitions from local
    school districts for school buses are sent
    to the Board of Control, and then the Board
    of Control purchases from the lowest of com-
    petitive bidders the buses desired. The
    local school must certify that it has encum-
    bered sufficient otherwise unencumbered funds
    to pay for the buses as it requisitions
    them. The Board of Control always has out-
    standing purchase requests for school buses
    in excess of the $250,000.00 deposit known
    as the School Bus Revolving Fund. As the
    statements from the bus manufacturers come
    due with the Board of Control they are al-
    ways paid by the collections received by the
    Board of Control from the local school dis-
    tricts when it delivers the buses to them.
    At no time has the School Bus Revolving Fund
    shown a balance lower than $200,000.00.

You ask the following questions:

1. May the State Board of Control legally write purchase orders for school buses totalling more than $250,000.00 at any one time?

2. May the Board of Control legally award an annual or semiannual contract for bus bodies and bus chassis showing an estimated number of units only and guaranteeing no minimum number?

Public officers may make only such contracts as they are authorized by law to make. Fort Worth Calvary Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935). Section 44 of Article III of the Constitution of Texas prohibits the Legislature appropriating state money to any individual unless at the very time the appropriation is made there is already in force some pre-existing valid law constituting the claim appropriation is made to pay a legal and valid obligation against the State. By legal obligation is meant such an obligation as would form a basis for a judgment against the State in a court of competent jurisdiction in the event the Legislature should permit it to be sued. Fort Worth Calvary Club v. Sheppard, supra. Public officers are limited in their right to contract to the amount of available appropriation. Nichols v. State, 32 S.W. 452 (Tex.Civ.App., 1895, error ref.); State v. Haldeman, 163 S.W. 1020 (Tex.Civ.App. 1913, error ref.); Fort Worth Calvary Club v. Sheppard, supra.

Section 2 of Article 2922-15, Vernon's Civil Statutes, as amended by Chapter 198, Acts of the 52nd Legislature, Regular Session, 1951, page 325, provides that school buses purchased through the State Board of Control shall be paid for by the State Board of Control out of the School Bus Revolving Fund. Therefore, contracts for the purchase of school buses through the Board of Control create an obligation against the State to be paid for out of the School Bus Revolving Fund. Fort Worth Calvary Club v. Sheppard; Nichols v. State; State v. Haldeman, supra. It is our opinion that a contract creating an obligation in excess of the amount of money available in the School Bus Revolving Fund at the time the contract is made would constitute a debt in violation of Section 49 of Article III of the Constitution of Texas. You are therefore advised that the

State Board of Control does not have authority to write purchase orders for school buses totaling more than is available in the School Bus Revolving Fund at the time the purchase order is made.

Concerning your second question, you further ask if the Board of Control may legally award an annual or semiannual contract for bus bodies and bus chassis showing an estimated number of units only and guaranteeing no minimum number. Unless there is a legal reason for doing so a contract will not be held invalid. Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722 (1924). In the case just cited our Supreme Court passed on the validity of a contract similar to the contract involved in your question. The contract in that case was made between the Texas State Textbook Commission and a publisher. The contract obligated the State to purchase all the text books on a particular subject from the publisher as the local school boards should requisition them.

The Constitution is silent as to the length of term for which a contract may be made by the State. The only provisions of the Constitution that might affect the term are those which provide that no debt may be created by or on behalf of the State, and that no appropriation of money may be made for a longer term than two years. However, obligations that run current with revenues are not debts within the contemplation of the Constitution. Charles Scribner's Sons v. Marrs, supra; McNeal v. City of Waco, 89 Tex. 83, 33 S.W. 322 (1895).

Payment for the bus bodies and for the bus chassis is to be made out of the School Bus Revolving Fund as they are purchased. The obligation of the contract is not to buy a fixed number or amount of bus bodies or bus chassis, but only so many as are requisitioned by the schools of the State. Liability is fixed only for such amounts as are requisitioned by the schools. The number of buses, chassis and bodies purchased for any period is wholly within the control of the local authorities and of the Board of Control.

It is therefore the opinion of this office that the Board of Control may legally award an annual or semiannual contract for bus bodies and bus chassis showing an estimated number of units only and guaranteeing no minimum number.

## SUMMARY

The State Board of Control does not have authority to write purchase orders for school buses totaling more than is available in the School Bus Revolving Fund at the time the purchase order is made.

The State Board of Control may legally award an annual or semiannual contract for bus bodies and bus chassis showing an estimated number of units only and guaranteeing no minimum number.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

By John Reeves
John Reeves
Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JR:am